UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FIRST STUDENT, INC.<br><br>Plaintiff,<br><br>v.<br><br>AMALGAMATED TRANSIT UNION, DIVISION 618<br><br>Defendant. | : | CA 06 207<br>C.A. No. |

**COMPLAINT TO VACATE ARBITRATION AWARD**

1. This is an action to vacate the award of the Arbitrator in the case designated as American Arbitration Association ("AAA") No. 11 300 00675 05. A copy of the Arbitrator's Decision and Award is attached hereto as Exhibit A.

**Parties and Jurisdiction**

2. This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and the Federal Arbitration Act, 9 U.S.C. §10.

3. Plaintiff First Student, Inc. ("First Student") is a corporation. First Student has a facility in Warwick, Rhode Island and provides school bus services to the local community.

4. Defendant Amalgamated Transit Union, Division 618 (the "Union") is the representative for collective bargaining purposes of certain drivers employed by First Student.

**Factual Background**

5. First Student and the Union are parties to a collective bargaining agreement (the "Contract") covering First Student employees represented by the Union. The Contract governs

terms and conditions of employment for all employees represented by the Union. A true and correct copy of the Contract is attached as Exhibit B to this Complaint.

6. Donna Sanville was employed by First Student as a school bus driver.

7. On December 1, 2004, Ms. Sanville failed to report to work for her morning run and failed to call in to work to inform the dispatcher that she would not be reporting for work.

8. Later on December 1, 2004, Ms. Sanville came to First Student's office. There, she spoke with to speak with Ann Wilson, safety coordinator for First Student. Ms. Wilson gave Ms. Sanville a verbal warning for failing to report for work or calling in to say she would not be reporting for work.

9. During this meeting, Ms. Wilson observed that Ms. Sanville's face was flushed, her eyes were bloodshot and that she smelled of alcohol.

10. First Student and its employees are subject to the regulations of the United States Department of Transportation regarding transportation of passengers.

11. Department of Transportation ("DOT") regulation 49 C.F.R. §382.307 (Reasonable Suspicion Testing) states in part: "an employer shall require a driver to submit to an alcohol test when the employer has reasonable suspicion to believe that the driver has violated the prohibitions….reasonable suspicion exists to require the driver to undergo an alcohol test must be based on specific, contemporaneous, articulable observations concerning the appearance, behavior, speech or body odors of the driver." Pursuant to that regulation, Ms. Wilson had Ms. Sanville undergo a blood alcohol test.

12. Under DOT regulations, a blood alcohol concentration of 0.02 is deemed positive.

13. The test results for Ms. Sanville showed a blood alcohol concentration of .064 and .059.

14. Based on the test results, Ms. Sanville's employment with First Student was terminated pursuant to Article 22 of the Contract. That provision states: "employees whose alcohol test is 0.02 or greater alcohol concentration are subject to termination under our zero-tolerance program…"

15. The Union grieved Ms. Sanville's termination. An arbitration hearing was held on November 21, 2005 before Arbitrator Mark L. Irvings of the American Arbitration Association.

16. The Arbitrator issued an Award and Decision dated February 6, 2006. In his Award, the Arbitrator upheld the Union's grievance regarding the termination of Ms. Sanville, and stated, "since Sanville never intended to drive on December 1, she was not 'scheduled or assigned,' as that phrase is used in Article 22. The Company therefore did not have the right to have her submit to reasonable suspicion testing." Exhibit A at 17.

**First Cause of Action**
**<u>(9 U.S.C. § 10)</u>**

17. First Student incorporates the foregoing allegations by reference.

18. By importing an "intent to drive" requirement into the DOT regulations, the Arbitrator exceeded his authority under the Contract and misinterpreted the regulations.

19. The Arbitrator's award should be vacated because:

a. It fails to draw its essence from the Contract between the parties;

b. The Arbitrator exceeded his power under the Contract; and

c. The Arbitrator so imperfectly executed his powers that no mutual, final and definite award was made.

WHEREFORE, for the reasons set forth above, First Student respectfully requests that this Court vacate the Arbitrator's award in full, and that the grievance filed by the Union be

denied. First Student also requests that this Court award it its costs and reasonable attorney fees, together with all other relief it deems just and proper.

FIRST STUDENT, INC.

By its Attorneys,

Mark A. Pogue (#3441)
John D. Doran (#6415)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
401-274-9200
401-276-6625 (telecopy)

Dated: May 5, 2006