**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **FIRST STUDENT, INC.,** <br> **Plaintiff,** <br> v. <br> **AMALGAMATED TRANSIT UNION, DIVISION 618,** <br> **Defendant.** | **C.A. No. 06-207T** |

**ANSWER OF DEFENDANT AMALGAMATED TRANSIT UNION, DIVISION 618**

1. Defendant admits that Plaintiff has filed an action to vacate an arbitration award. Defendant denies that the Award is attached as Exhibit A.

2. Paragraph 2 asserts a legal conclusion to which no response is necessary.

3. Admitted.

4. Admitted.

5. Admitted that the Plaintiff and Defendant are parties to a collective bargaining agreement. Defendant denies that the collective bargaining agreement is attached as Exhibit B.

6. Admitted.

7. Admitted.

8. Admitted.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore, leaves Plaintiff to its proof thereon.

10. The Defendant admits that some Department of Transportation regulations govern

passenger transportation.

11. Defendant admits that a portion of 49 C.F.R. § 382.307(a), revised October 1, 2004, is set forth in paragraph 11. As to the remaining allegation, Defendant is without sufficient knowledge or information sufficient to form a belief as to whether Ms. Wilson relied on this regulation, and therefore, leaves Plaintiff to its proof thereon.

12. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore, leaves Plaintiff to its proof thereon.

13. Admitted.

14. Defendant admits that Sanville's employment was terminated after the test. Defendant denies the remainder of the allegations in paragraph 14.

15. Admitted.

16. Admitted, except the portion of the award cited therein in contained in Exhibit B.

**First Cause of Action**
**(9 U.S.C. § 10)**

17. Defendant incorporates the foregoing allegations by reference.

18. Denied.

19. Denied.

WHEREFORE, Defendant prays the relief sought by the Plaintiff be denied and that it be granted such other and further relief, including attorney's fees and costs, as this Honorable Court shall deem appropriate.

**COUNTERCLAIM/PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD**

Amalgamated Transit Union, Division 618, ("Defendant") through its attorney, respectfully requests this Court to confirm the arbitration award entered by Arbitrator Mark L. Irvings ("Arbitrator") on February 6, 2006.

1. As of December 1, 2004, the grievant, Donna Sanville had been employed by the Plaintiff for over twenty years. Sanville had a clean disciplinary record other than one written reprimand several years prior to the incident that occurred on December 1, 2004.

2. According to the applicable collective bargaining agreement ("CBA"), the Plaintiff cannot terminate an employee with seniority absent just cause.

3. Sanville was terminated on or about December 1, 2004, after testing positive for alcohol consumption.

4. The CBA does not set forth or require any particular discipline for a positive alcohol test.

5. At least one company policy allows for discipline less severe than termination for a positive alcohol test.

6. No company policy regarding drug/alcohol testing and/or consumption was negotiated with Plaintiff prior to application pursuant to Article 3 of the CBA.

7. DOT regulations do not address what level of discipline is appropriate for a driver with a positive alcohol test.

8. Defendant filed a greivance contesting Plaintiff's termination for lack of just cause.

9. The grievance was resolved in favor of the Defendant, following Arbitration, on February 6, 2006.

10. The arbitrator found that since Sanville did not report to work on December 1, 2004, with the intention of driving, that she should not have been ordered to submit to the reasonable suspicion test.

11. The Arbitrator ordered that "[t]he grievant, Donna Sanville, was terminated without just cause. She shall be retroactively reinstated with full back pay, less interim earnings; seniority; and

benefits."

12. The Arbitrator made factual findings, based on the testimony and the record that the grievant was terminated without just cause.

13. The Award should be confirmed because the Arbitrator acted within his authority by issuing an award that draws its essence from the CBA and is based upon a passably plausible interpretation of the CBA. The Award is not inconsistent with any applicable DOT regulations. Furthermore, the Plaintiff cannot prove that the Arbitrator manifestly disregarded the law, that the award was completely irrational, or should otherwise not be enforced.

WHEREFORE, Defendant/Counterclaim-Plaintiff prays for an order enforcing the Arbitration award dated February 6, 2006, as well as an order demanding that the Plaintiff/Counterclaim Defendant comply with the Arbitrator's decision. The Defendant/Counterclaim-Plaintiff also prays that it be granted such other and further relief, including attorney's fees and costs, as this Honorable Court shall deem appropriate.

Amalgamated Transit Union, Division 618
By its attorneys,

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
Tel. (401) 941-5900
Fax (401) 461-4107 (fax)

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

## CERTIFICATION

I hereby certify that a copy of the within document has been sent by first-class mail to Mark A. Pogue, Esq., John Doran, Esq., Edwards, Angell, Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, RI 02903 on the 22nd day of May 2006.